IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STRATEGIC REALTY FUND, LLC, | ) | CIVIL 17-00545 LEK-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AGAPITO H. SARMIENTO, JR; | ) | |
| LINDA Y. SARMIENTO, PETER K. | ) | |
| SARMIENTO; JOHN DOES 1-10, | ) | |
| JANE DOES 1-10, DOE | ) | |
| CORPORATIONS 1-10, DOE | ) | |
| PARTNERSHIPS 1-10, DOE "NON- | ) | |
| PROFIT" CORPORATIONS 1-10, | ) | |
| DOE ASSOCIATIONS 1-10, and | ) | |
| DOE GOVERNMENTAL ENTITIES 1- | ) | |
| 10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Plaintiff Strategic Realty Fund, LLC's ("Plaintiff") Motion for Summary Judgment ("Motion"), filed on February 7, 2018. [Dkt. no. 12.] On February 9, 2018, this Court issued an entering order directing Plaintiff to file a supplemental memorandum addressing whether all parties have been served. [Dkt. no. 15.] On February 23, 2018, Plaintiff filed its Supplemental Memorandum to the Motion for Summary Judgment [Dkt. 12] Per Court's Order Directing Plaintiff to File a Supplemental Memorandum [Dkt. 15] ("Supplemental Memorandum"). [Dkt. no. 16.] Pro se Defendants Agapito H. Sarmiento, Jr., Linda Y. Sarmiento, and Peter K. Sarmiento ("Defendants") have not filed a response to the Motion. On April 6, 2018, this Court

issued an entering order: vacating the hearing on the Motion

because Defendants had not filed their memorandum in opposition

by the April 2, 2018 deadline; and informing the parties that the

Motion will be considered as an unopposed, non-hearing matter.

[Dkt. no. 17.]  Plaintiff's Motion is hereby granted for the

reasons set forth below.

**BACKGROUND**

On October 13, 2017, Plaintiffs filed their Complaint

for Ejectment ("Complaint") in state court.  [Notice of Removal

Under 28 USC, 1331 - 1446 ("Notice of Removal"), filed 11/2/17

(dkt. no. 1), Exh. 1.]  Plaintiff asserts claims for ejectment

("Count I") and trespass ("Count II").  In the instant Motion,

Plaintiff seeks summary judgment as to Count I and summary

judgment as to liability on Count II.

Plaintiff acquired title to certain real property

located at 247 Ainahou Place, Wailuku, Hawai`i 96793, described

as Tax Map Key Number (2) 3-4-21:80 ("Property") from Bank of

America, N.A. ("BoA") in a limited warranty deed ("Deed") dated

August 24, 2017 and recorded in the State of Hawai`i Bureau of

Conveyances ("BOC").  [Pltf.'s Separate & Concise Statement of

Facts in Supp. of Motion ("Pltf.'s CSOF"), filed 2/7/18 (dkt.

no. 13), at ¶ 1.]  Plaintiff "attempted to take possession of the

Property soon after August 24, 2017 but could not because

Defendants occupy and possess the Property."  [Id. at ¶ 2.]

On March 4, 2013, BoA commenced a judicial foreclosure action in state court against Defendants regarding the Property ("Foreclosure Action"). [Id. at ¶ 3.] On June 25, 2014, the state court granted BoA's motion for summary judgment, insofar as it declared the mortgage foreclosed and ordered the Property to be sold at public auction. [Id. at ¶ 4.]

BoA purchased the Property at the public auction for $326,958.97. [Id. at ¶ 9.] On June 16, 2016, the state court issued an order: 1) confirming and ratifying the foreclosure sale of the Property to BoA; 2) declaring that Defendants have no right or interest in the Property; and 3) issuing a writ of possession ("6/16/16 State Court Order").[1] [Id. at ¶ 5.] The state court entered a final judgment in the Foreclosure Action. [Id. at ¶ 6.] The state court ruled the foreclosure "sale was 'legally made and fairly conducted.'" [Id. at ¶ 9 (quoting 6/16/16 State Court Order).] "BoA took title to the Property via a Commissioner's Deed dated June 15, 2017," which was recorded in the BOC on August 11, 2017. [Id. at ¶ 8.]

"As of June 25, 2014, Defendants were in default under a mortgage and note held by BoA." [Id. at ¶ 7.] The state court converted "all sums due and owing to BoA [into] liens on the

---

[1] The 6/16/16 State Court Order is attached to Plaintiff's CSOF as Exhibit E to the Declaration of Grant Fasi Allison.

Property to be paid at the date of closing of the foreclosure

sale." [Id.]

Defendants have no landlord-tenant relationship with

Plaintiff. [Id. at ¶ 13.]

**STANDARD**

Pursuant to Federal Rule of Civil Procedure 56(a), a

party is entitled to summary judgment "if the movant shows that

there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." In

determining whether there is a genuine issue of material fact, a

court must view the record in the light most favorable to the

non-moving parties. Crowley v. Bannister, 734 F.3d 967, 976 (9th

Cir. 2013). This district court has stated:

> Summary judgment must be granted against a party
> that fails to demonstrate facts to establish what
> will be an essential element at trial. See
> Celotex [Corp. v. Catrett], 477 U.S. [317,] 323
> [(1986)]. A moving party has both the initial
> burden of production and the ultimate burden of
> persuasion on a motion for summary judgment.
> Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210
> F.3d 1099, 1102 (9th Cir. 2000). The burden
> initially falls on the moving party to identify
> for the court "those portions of the materials on
> file that it believes demonstrate the absence of
> any genuine issue of material fact." T.W. Elec.
> Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809
> F.2d 626, 630 (9th Cir. 1987) (citing Celotex
> Corp., 477 U.S. at 323). "A fact is material if it
> could affect the outcome of the suit under the
> governing substantive law." Miller [v. Glenn
> Miller Prods., Inc.], 454 F.3d [975,] 987 [(9th
> Cir. 2006)].

Rodriquez v. Gen. Dynamics Armament & Technical Prods., Inc., 696

F. Supp. 2d 1163, 1176 (D. Hawai`i 2010) (some citations

omitted).

This Court has stated:

When a motion for summary judgment is
unopposed, the motion should be granted only when
the movant's papers are themselves sufficient to
support the motion and they do not reveal a
genuine issue of material fact.  In re Rogstad,
126 F.3d 1224, 1227 (9th Cir. 1997) (noting that
it is in error to grant a motion for summary
judgment simply because the opponent failed to
oppose the motion); Cristobal v. Siegel, 26 F.3d
1488, 1494-95 & n.4 (9th Cir. 1994) (noting that
an unopposed motion may be granted only after the
court determines that there are no material issues
of fact).

Additionally, in a motion for summary
judgment, "material facts set forth in the moving
party's concise statement will be deemed admitted
unless controverted by a separate concise
statement of the opposing party."  L.R. 56.1(g)
(effective Dec. 1, 2009).  Thus, while this court
is not permitted to grant an unopposed motion for
summary judgment as a matter of right, Siegel, 26
F.3d at 1494-95, it must deem all facts proffered
in [the defendant's] concise statement as admitted
by [the plaintiff].  Therefore, the court must
determine whether the facts, as asserted in [the
defendant's] concise statement, warrant a grant of
summary judgment.

Smith v. Clinton, Civil No. 10-00587 LEK-BMK, 2011 WL 3290522, at

*9 (D. Hawai`i July 31, 2011) (alterations in Smith) (citation

omitted).

## **DISCUSSION**

### I.  **Preliminary Matters**

Before addressing the merits of the Motion, the Court
first addresses whether Plaintiff has sufficiently served process
on Defendants.  See S.E.C. v. Ross, 504 F.3d 1130, 1140 (9th Cir.
2007) (establishing personal jurisdiction over the defendant
requires service of process in substantial compliance with Fed.
R. Civ. P. 4).  Plaintiff has submitted copies of the return and
acknowledgment of service filed by its process server for each
defendant.  [Supplemental Memorandum, Decl. of Grant Fasi Allison
("Allison Decl."), Exhs. C, D, E.]  Plaintiff shows Defendant
Agapito H. Sarmiento, Jr. personally received service of process,
and Defendants Linda Y. Sarmiento and Peter K. Sarmiento received
service "by leaving copies [of the summons and complaint] at the
individual's dwelling house or usual place of abode with some
person of suitable age and discretion then residing therein,"
specifically, Agapito H. Sarmiento, Jr.  See Haw. R. Civ.
P. 4(d)(1)(A); see also Fed. R. Civ. P. 4(e)(1) (permitting
service pursuant to state law).  Defendants have not challenged
the sufficiency of service of process.  Plaintiff has shown
substantial compliance with Fed. R. Civ. P. 4.

Because Defendants have not controverted any of the
material facts set forth in Plaintiff's CSOF, those facts are
deemed admitted.  See Local Rule LR56.1(g) ("For purposes of a

6

motion for summary judgment, material facts set forth in the
moving party's concise statement will be deemed admitted unless
controverted by a separate concise statement of the opposing
party.").

## II. **Ejectment**

> In order to maintain an ejectment action, the
> plaintiff "must necessarily prove that [he or she]
> owns the parcel[] in issue," State v. Magoon, 75
> Haw. 164, 175, 858 P.2d 712, 718–19 (1993); see
> State v. Midkiff, 49 Haw. 456, 460, 421 P.2d 550,
> 554 (1966), meaning that he or she must have "the
> title to and right of possession of" such parcel,
> Carter v. Kaikainahaole, 14 Haw. 515, 516 (Haw.
> Terr. 1902). Additionally, the plaintiff must
> establish that "possession is unlawfully withheld
> by another." Id.

Kondaur Capital Corp. v. Matsuyoshi, 136 Hawai`i 227, 241, 361

P.3d 454, 468 (2015) (alterations in Kondaur Capital). Plaintiff

has shown it owns the Property by virtue of its Deed. [Allison

Decl., Exh. A.] Defendants admit no landlord-tenant relationship

exists between Plaintiff and Defendants, and only challenge

Plaintiff's ownership of the Property. [Notice of Removal at 3.]

Plaintiff has sufficiently shown Defendants unlawfully withheld

possession of the Property. There being no dispute of material

fact, Plaintiff is entitled to summary judgment on Count I.

Plaintiff is entitled to a judgment for possession and writ of

possession in its favor.

## III. Trespass

This Court has stated:

> "One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally[:] (a) enters land in the possession of the other, [or] . . . (b) remains on the land[.] . . ." Restatement (Second) of Torts § 158 (1965); see also Memminger v. Summit at Kaneohe Bay Ass'n, 129 Hawai`i 426, No. 30383, 2013 WL 2149732, at *3 (Hawai`i. Ct. App. May 17, 2013) (discussing Restatement (Second) of Torts § 158 cmt. f).

Lowther v. U.S. Bank N.A., 971 F. Supp. 2d 989, 1016 (D. Hawai`i 2013) (alterations in Lowther). In affirming an award of damages for trespass and ejectment where foreclosed mortgagees refused to surrender possession of certain real property following a foreclosure sale, the Hawai`i Supreme Court stated: "[d]amages may . . . be awarded in an ejectment suit for all lost profits and damages allegedly sustained by the plaintiff due to the defendant's wrongful possession of the property in question." Krog v. Koahou, No. SCWC-12-0000315, 2014 WL 813038, at *3 (Hawai`i Feb. 28, 2014) (citation and internal quotation marks omitted).

Defendants have intentionally remained on Plaintiff's land. There being no dispute of material fact, Plaintiff is entitled to summary judgment as to liability on Count II.

## CONCLUSION

On the basis of the foregoing, Plaintiff Strategic Realty Fund, LLC's Motion for Summary Judgment, filed on February 7, 2018, is HEREBY GRANTED.  Plaintiff is entitled to a judgment for possession and writ of possession.  Plaintiff is ORDERED to submit a proposed order by **August 21, 2018**.  The Court will schedule a status conference to address trial on damages for Plaintiff's Count II claim (trespass).

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 31, 2018.



 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**STRATEGIC REALTY FUND, LLC VS. AGAPITO H. SARMIENTO, JR., ET AL; CIVIL 17-00545 LEK-RLP; ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**